IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTONIO DONNELL OESBY #13350-007
            Petitioner           :

   v.                          :  CIVIL ACTION NO. RWT-09-2102

STATE OF MARYLAND        :
            Respondent

**MEMORANDUM OPINION**

Respondent moves for dismissal of the above-captioned petition for writ of habeas corpus as untimely.[1] Document 4. Petitioner claims the limitations period should not be applied against him because he can demonstrate "actual innocence." Documents 1 and 6. After reviewing these papers, the court finds no need for an evidentiary hearing. See Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; see also 28 U.S.C. §2254(e)(2). For reasons set forth herein, the court shall dismiss the Petition with prejudice as time-barred.

**Procedural History**

Petitioner attacks his December 6, 2001, convictions for first-degree rape, first-degree sexual offense, second-degree sexual offense, third-degree sexual offense, kidnapping and carjacking rendered by a jury sitting in the Circuit Court for Howard County. As a result of these convictions, Petitioner on February 20, 2002, was sentenced to life imprisonment for first-degree rape (consecutive to another life sentence then being served), and consecutive thirty-year terms of imprisonment for carjacking and kidnapping. Document 4-2 at 4-6 and 10-11 and Document 4-3 at 1. In an unreported opinion filed on March 6, 2003, the Court of Special Appeals of Maryland affirmed Petitioner's judgments of conviction. The court's mandate issued

---

[1] The pro se Petition, received for filing on August 10, 2009, was signed on August 5, 2009. The Petition is deemed filed on the date it was signed. See Houston v. Lack, 487 U.S. 266 (1988); see also United States v. Dorsey, 988 F.Supp.. 817, 919-20 (D. Md. 1998).

on April 7, 2003.  Document 4-3, 11-5 at 32.  Petitioner did not seek further review in the Court of Appeals of Maryland.  Thus, his convictions became final for direct appeal purposes on April 22, 2003, when the time for seeking such review expired.  See Md. Rule 8-302 (requiring a petition for writ of certiorari be filed within 15 days after the lower appellate court issues its mandate.  Petitioner did not seek post-conviction relief with regard to these judgments of conviction.

The Petition before this court is not a model of clarity.  Among the claims presented are Petitioner's arguments of ineffective assistance of trial and appellate counsel.  Before this court can examine the merits of the claims, however, it must first address Respondent's assertion that consideration is barred because the case was untimely filed.

A one-year statute of limitations applies to habeas petitions.  See 28 U.S.C. § 2244(d).[2]

---

[2] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

This one-year period is tolled while properly filed post-conviction proceedings are pending, and may otherwise be equitably tolled. See 28 U.S.C. §2244(d)(2); Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000).

It is apparent that no properly filed state post-conviction petition has been pending to toll the limitations period, which began to run on April 23, 2003. Petitioner claims the time-bar should not apply to him because he is "actually innocent" as the victim had problems identifying him as her assailant. He further argues trial counsel was ineffective, the trial court erred with regard to the introduction of DNA evidence by the State's expert witness, and the prosecutor falsely presented evidence matching his DNA when in fact no semen was found in the victim.[3] Respondent argues that the timeliness of the Petition should be assessed under 28 U.S.C. § 2244(d)(1) and (2). The court concurs.

Petitioner provides no explanation as to why he failed to seek federal habeas corpus relief within the one-year limitations period. In order to be entitled to equitable tolling, he must establish that either some wrongful conduct by Respondent contributed to the delay in filing the petition or that circumstances that were beyond his control caused the delay. See Rouse v. Lee, 339 F. 3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F. 3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. Nothing in the record suggests that Petitioner has been diligently pursuing his rights and that some extraordinary circumstance prevented him from filing a timely petition. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Rouse, 339 F.3d at 246. To the extent failure to seek post-conviction relief might be attributed to Petitioner's lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. See United States v.

---

[3] Petitioner has not presented these claims in state court by way of post-conviction review.

3

Sosa, 364 F.3d 507, 512 (4th Cir. 2004).  Petitioner has failed to satisfy his burden to demonstrate that equitable tolling is warranted, and his claims for habeas corpus relief in regard to his convictions and sentences are time-barred.  For the reasons stated herein, the court will deny and dismiss the Petition.  A separate Order follows.


November 20, 2009

                                                  /s/
                                     ROGER W. TITUS
                              UNITED STATES DISTRICT JUDGE